UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

ELIZABETH ARNOLD,

                Plaintiff,

v.

INDEPENDENT HEALTH ASSOCIATION, INC.,

                Defendant.
―――――――――――――――――――――――――

**DECISION AND ORDER**

17-CV-01260-FPG-JJM

        Acting *pro se*, plaintiff, Elizabeth Arnold, commenced this action *pro se*, alleging employment discrimination based on race, gender, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e*, et seq.* against defendant Independent Health Association, Inc. (incorrectly sued as Independent Health Corp *aka* Independent Health Assoc. *aka* Subsidiary Reliance Rx). Complaint [1].[1] Plaintiff, a caucasian female and United States citizen, alleges that she applied for various information technology positions with Independent Health from October 2016 through October 2017, but was not hired because of her race, gender and national origin. Complaint [1], ¶14.

        Before the court are the parties' cross-motions to compel discovery [27, 28], which have been referred to me by District Judge Frank P. Geraci, Jr. [5]. Having considered the parties' submissions [27, 28, 30-32], and heard oral argument on June 4, 2019 [33], plaintiff's motion is denied, and Independent Health's motion is granted in part and denied in part.

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

**DISCUSSION**

"Courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976, *3 (W.D.N.Y. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable". Fed. R. Civ. P. ("Rule") 26(b)(1). Whereas "[t]he burden of demonstrating relevance is on the party seeking discovery . . . general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." US Bank National Association v. PHL Variable Insurance Co., 2012 WL 5395249, *3 (S.D.N.Y. 2012). "[I]t is established law that *pro se* litigants, like those represented by attorneys, are equally obliged to comply with discovery requirements under the Federal Rules of Civil Procedures". Swinton v. Livingston County, 2016 WL 6248675, *2 (W.D.N.Y. 2016); In re Robinson, 2019 WL 2342324, *4 (Bankr. S.D.N.Y. 2019) (the plaintiff's "status as a *pro se* litigant does not excuse her from meeting her discovery obligations").

**A.     Plaintiff's Motion to Compel**

On or about September 13, 2018, plaintiff served her First Set of Interrogatories on Independent Health. DeLuca Affidavit [31], ¶3. After obtaining an extension from plaintiff, Independent Health served its response on November 5, 2018, which included 29 pages of responsive documents. Id., ¶4; First Set of Interrogatories [31-1]. It then twice supplemented its initial Response on March 22 and April 4, 2019, with an additional 237 pages of responsive documents. DeLuca Affidavit [31], ¶¶5-6; First Supplemental Response [31-2]; Second

Supplemental Response [31-3].  Plaintiff seeks to compel further responses from Independent Health to interrogatory request nos. 15, 19, 20, and 25.

        1.       **Interrogatory Request no. 15**

Plaintiff requested "copies of all documents and any emails, texts, Instant messaging, webex, chats, sent to and from hiring managers and directors regarding the non-employment of Plaintiff and human resources. i.e Matt Watson, J. Fuller." [31-1], p. 18 of 42 (CM/ECF).  In addition to relying on its General Objections, Independent Health objected to this interrogatory request "on the ground that it requests production of documents, which is not a proper request for an interrogatory".  Id. Without waiving those objections, Independent Health produced responsive documents (DEF-00008 - 00016). Id., pp. 19, 34-42 of 42.

According to Independent Health, during a November 27, 2018 conference plaintiff asked it to again search its electronic files for responsive documents.  DeLuca Affidavit [31], ¶12.  Because the second search did not reveal any additional responsive documents, Independent Health confirmed in its First Supplemental Response that "its investigation and review of electronically stored information has not identified any additional documents, information or materials responsive to this request (other than the documents previously produced)." [31-2], pp. 9-10 of 14 (CM/ECF).

Plaintiff states that she has "received only a few emails" from Independent Health and believes that there are others.  Plaintiff's Affidavit [27], p. 3 of 38 (CM/ECF).  In response, Independent Health's counsel, Scott DeLuca, Esq., reasserts that "[s]earches of electronic databases have been performed by Defendant, and the pertinent employees have been

asked to search various sources of electronically stored information (such as e-mail accounts, text message accounts, and the like). These searches did not reveal any further responsive information or documents." DeLuca Affidavit [31], ¶17.

"It is basic that in responding to a document production request . . .'a party is not required to create documents meeting the document requests, only to produce documents already in existence.'" Hallmark v. Cohen & Slamowitz, Midland Funding LLC, 302 F.R.D. 295, 299 (W.D.N.Y. 2014); Gainer v. United Automobile Aerospace Agricultural Implement Workers (UAW), 2016 WL 9455264, *3 (W.D.N.Y. 2016) ("[p]arties are not required to produce [materials] . . . which do not exist"). It is also "well-established that a responding party cannot be required to produce a document which no longer exists". Woodward v. Holtzman, 2018 WL 5112406, *3 (W.D.N.Y.  2018).  Therefore, "a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, [generally] should resolve the issue of failure of production since one cannot be required to produce the impossible." Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016).

Where a party states that it is not in possession, custody or control of responsive documents, "the discovering party must make an adequate showing to overcome this assertion . . . . In other words, Plaintiffs must cite to *specific evidence* to challenge Defendants' assertions that no additional responsive documents exist." Id. (emphasis added).  If that showing is met, "the burden . . . shifts to Defendants to show specifically where they have searched and why these documents are not, in fact, within their custody, possession, or control". Id. at 43 (emphasis omitted).

Plaintiff argues that Independent Health "has not shown proof of how and what was discovered . . . through electronic means". Plaintiff's Affidavit [27], p. 3 of 38 (CM/ECF). Plaintiff remains free to use other discovery means, including depositions, to test Independent Health's representations concerning the existence of the requested records. However, absent specific evidence at this time raising doubt as to the veracity of its representations, the burden does not shift to Independent Health to make a specific showing of the searches it performed and the results.

Plaintiff also believes that Independent Health's limited production is attributable to the fact that "proper steps were not done in order to preserve records in anticipation of litigation". Plaintiff's Affidavit [27], p. 6 of 38 (CM/ECF). While it is true that a litigant "is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request", Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003), nothing suggests that Independent Health has not complied with its obligations. Therefore, this portion of the motion is denied, without prejudice. See Breedlove v. Mandell, 2008 WL 596864, *2 (W.D.N.Y. 2008) ("[c]ounsel for defendants has represented 'there is no record of any such letter.' . . . Having no reason to doubt counsel's representation, plaintiff's motions to compel is denied").

2.      **Interrogatory Request no. 19**

Plaintiff asked Independent Health to "provide and describe in detail the corporate agreement between Reliance Rx and Specialty Pharmacy Management and IHA since 2012". [31-1], p. 23 of 42 (CM/ECF). Independent Health objected "because the document(s) sought in

this interrogatory are not relevant to any party's claim or defense in this case", explaining that "[a]ny agreement between Defendant and the entities named in this request has absolutely no bearing on Plaintiff's discrimination claims . . . or any recovery of damages related to such claims. Plaintiff has only sued Defendant Independent Health Association in this case and neither of the entities named in this request are parties to this action or had anything to do with Plaintiff's applications for employment. Furthermore, upon information and belief, Plaintiff has not claimed in this litigation that she was denied employment by any entity other that Defendant Independent Health." Id. It further objected on the ground that the discovery sought is "for time periods that are not relevant to this litigation. Plaintiff did not first apply for employment with Defendant until October 2016", and that the "phrase 'corporate agreement' is undefined and without reasonable meaning". Id.

        In support of her motion plaintiff offers no basis as to why these objections are unfounded. Therefore, she has failed to meet her burden of demonstrating entitlement to the requested discovery, and deny this portion of the motion.

        **3.**        **Interrogatory Request No. 20**

        Plaintiff sought the "salary for each foreign alien H1B and green card holder from years 2015-2018 and how said salary is determined and by whom, list title." [31-1], p. 24 of 42 (CM/ECF). Independent Health objected to this request because:

        -- "the information sought . . . is not relevant to any party's claim or defense in this case", explaining that "[p]laintiff only applied for specific positions with Independent Health; however, this request seeks information concerning all 'foreign alien H1B and green card holder'";

-- it sought information not "relate[d] to whether Plaintiff was subjected to any discrimination on the basis of her gender or national origin", explaining that "[i]nformation related to individuals employed by Defendant based solely on their immigration status is completely irrelevant to Plaintiff's national origin claim, as such information would not shed any light on whether other individuals were preferred (to Plaintiff's detriment) based on the country in which the individual was born or from which their ancestors came.";

-- "the information sought . . . is for time periods that are not relevant to this litigation"; and

-- "production of responsive information would make highly confidential information public for no legitimate reason . . . . Plaintiff has requested production of information that Independent Health does not make publicly available (to maintain its competitive standing in the market of employers in Western New York), and information that is personal, private and confidential for the individuals involved." Id., pp. 24-25 of 42.

Plaintiff argues that this request "is applicable to the national origin claim as foreigners are being purposefully selected and trained and given employment with high salaries by defendants". Plaintiff's Affidavit [27], pp. 3-4 of 38 (CM/ECF). I disagree. Since plaintiff asserts a failure to hire claim, not a claim that she was paid less than similarly situated co-workers, the relevance of plaintiff's request for the salaries of *all* foreign alien H1B and green card holders employed by Independent Health, regardless of position, is difficult to discern, and vastly overbroad.

Notwithstanding the overbreadth and questionable relevance of this request, I conclude that Independent Health has sufficiently responded to it by producing the wage information of the successful candidates to the positions which plaintiff applied. *See* DeLuca

Affidavit [31], p. 9 n. 4 (in response to Interrogatory Request nos. 2, 3, 11 and 21, it has produced the following information concerning the positions for which plaintiff submitted employment applications to Independent Health: "(a) the names of all applicants for each position; (b) the experience, education and skills of all such applicants; (c) the salary of the successful candidate; and (d) the name of the hiring manager for each position").  Therefore, I deny this portion of the motion, without prejudice.

### 4.      Interrogatory Request no. 25

This request asked Independent Health to "list and define employment contracts with any and all companies both local and interstate." [31-1], p. 30 of 42 (CM/ECF).[2] Although it raised objections to this request, Independent Health responded that "since October 2016, [it] has not had any employment contract with any company".  Id., pp. 30-31.  Plaintiff takes issue with the veracity of that response, believing that there existed an employment contract between Computer Task Group and Independent Health.  DeLuca Affidavit [31], ¶¶58-60.  This prompted Independent Health to reiterate in its First Supplemental Response that it "does not have any 'employment contract' with any company", including Computer Task Group.  [31-2], p. 12 of 14 (CM/ECF).

As Independent Health states, it cannot produce "documentation that simply does not exist", and without any evidence from plaintiff raising a question as to the veracity of Independent Health's representation, this portion of the motion is denied.

_____

[2]      This request also sought a list of "internal and external recruiters for all the named defendants [*sic*] during the calendar years of 2015-2018".  Since plaintiff's motion does not appear to address this portion of the request, I have not addressed it.

**B.      Independent Health's Motion**

Independent Health seeks to compel certain responses to its First Request for

Production of Documents [28-2] and First Set of Interrogatories [28-5].

**1.      Did Plaintiff Waive her Objections to Independent Health's Discovery Demands?**

Independent Health argues that plaintiff's "responses were untimely and,

therefore Plaintiff . . . waived any and all objections to [its] document requests".  DeLuca

Affidavit [28-1], ¶13.  Plaintiff does not respond to this portion of Independent Health's motion.

Plaintiff had 33 days to respond to Independent Health's discovery demands (*see*

Rules 34(b)(2)(A) and 6(d)) which were served on September 4, 2018.  DeLuca Affidavit [28-1],

¶7.  Whether using the date of the responses (October 9, 2018) or the date they were received by

Independent Health's counsel (October 22, 2018), the responses were late, and it is undisputed

that plaintiff did not obtain an extension of time for her responses. Id., ¶¶8-9.  Plaintiff's failure

to timely respond to Independent Health's discovery demands waives any objection which may

have been available to her. *See* Eldaghar v. City of New York Department of Citywide

Administrative Services, 2003 WL 22455224, *1 (S.D.N.Y. 2003) ("[i]f a party fails to file

timely objections to document requests, such a failure constitutes a waiver of any objections

which a party might have to the requests").  Nevertheless, "waiver of her objections does not

otherwise excuse this Court from its obligation to manage discovery in this case . . . including

limiting its scope as appropriate."  Solman v. Corl, 2016 WL 6433829, *2 (D.Conn. 2016).

## 2. Independent Health's First Request for Production of Documents

Independent Health seeks to compel responses to document request nos. 2, 4, 6, 7, 9-13, 15, 16, 20-22, 25-27. DeLuca Affidavit [28-1], ¶¶64-72.

### a. Request Nos. 2, 6, 7, 9-13, 15, 16, 20-22, 26, 27

As Independent Health argues, plaintiff's response [30] fails to address, much less mention, these requests. DeLuca Reply Affidavit [32], ¶¶8, 13. Based on the lack of any response, plaintiff's waiver of objections, and my review of these requests and responses, I conclude that plaintiff must provide full responses to request nos. 2, 9-13, 15, 16, 20-22, 26, 27. If she is not currently in possession, custody or control of responsive documents (in paper or electronic form) she should expressly state that in her response.

However, I conclude that her responses to request nos. 6 and 7 are sufficient: Those requests stated:

Request No. 6: "Any and all statements, oral or written, of Defendant or any agent, employee, officer, director, manager, supervisor or other representative of Defendant, concerning any matter upon which this action is based" [26-2], p. 11 of 20 (CM/ECF); and

Request No. 7: "Any and all documents directly or indirectly relating to any meetings and/or conversations that Plaintiff had with any agent, employee, officer, director, manager, supervisor or other representative of Independent Health regarding Plaintiff's applications for employment, any job interview, and any other issue involving your applications for employment submitted to Independent Health". Id.

In response to each of these requests, plaintiff stated that she was not in possession of any responsive documents. *See* Responses to Independent Health's First Request

for Production of Documents [28-3], p. 3 of 26 (CM/ECF) (no. 6 - "Plaintiff does not have any statements of Defendant or [its] agent concerning any matter of complaint"; no. 7 - "Plaintiff does not have any document directly relating to any employment application with any officer or employee of Defendant"). Independent Health notes that plaintiff had agreed to re-examine her materials for responsive documents, but failed to provide any supplemental response. DeLuca Affidavit [28-1], ¶¶66(b), 67(b).

I trust that if plaintiff had located any responsive documents in her possession, custody or control (including emails or other electronically stored records) during her renewed search, that she would have supplemented her response and produced those documents. Yet to avoid any confusion, plaintiff shall confirm this in a written response to Independent Health.[3]

At this point, Independent Health does not offer any evidence raising doubt as to plaintiff's initial representations that she does not possess responsive documents. Under similar circumstances, I denied portions of plaintiff's motion to compel. Plaintiff too cannot be expected to create what she does not possess. *See* Mason Tenders District Council of Greater New York, 318 F.R.D. at 42. Therefore, other than directing plaintiff to produce written confirmation that she has produced all responsive documents (in paper or electronic form) currently in her possession custody and control, this portion of Independent Health's motion is denied, without prejudice.

---

[3] Both parties are reminded that even without a renewed request, they remain "under a continuing duty to supplement by providing documents that are responsive to the discovery propounded". McKinney v. Connecticut, 2011 WL 166199, *2 (D. Conn. 2011), aff'd, 487 Fed. App'x 605 (2d Cir. 2012) (Summary Order); Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011) ("[t]he duty to supplement continues even after the discovery period has closed").

### b.    Request Nos. 4

This request sought plaintiff to "execute . . . authorization forms" for her "employment, education, and training [records], as well as [her] receipt of unemployment insurance benefits".  [28-2], p. 10 of 20 (CM/ECF).[4]  In response, plaintiff objected to the request on the grounds that it was "burdensome, oppressive, extraneous and simply ludicrous to [her] employment discrimination claims" [28-3], p. 3 of 26 (CM/ECF). Thereafter, during the course of a conversation, Mr. DeLuca advised plaintiff that it was also seeking an authorization for the release of plaintiff's tax returns since January 1, 2015, and provided plaintiff with the authorization to sign.  DeLuca Affidavit [28-1], ¶¶45, 46.

In response to Independent Health's motion, plaintiff does not oppose these requests, except to the extent that Independent Health seeks authorizations for her tax and unemployment records.  Plaintiff's Response [30], p. 1 of 3 (CM/ECF).  Therefore, Independent Health's motion for authorizations for plaintiff's employment, education, and training records is granted. Weber v. Fujifilm Medical Systems U.S.A., Inc., 2011 WL 674026, *1 (D. Conn. 2011) ("[d]efendants can obtain Plaintiff's medical records only by Plaintiff granting his medical providers permission to disclose records or by the subpoena and deposition process. Courts recognize that the authorization process is markedly more efficient"); Boyer v. Riverhead Central School District, 2006 WL 8441510, *2 (E.D.N.Y. 2006) (directing plaintiff to produce duly executed authorizations for the release of her employment records for all relevant employers).

---

[4]     The request also sought an authorization for plaintiff's medical records, but that was withdrawn after plaintiff confirmed that she was not seeking any damages for emotional distress.  *See* DeLuca Affidavit [28-1], p. 9 n. 3.

With respect to the authorization for plaintiff's unemployment insurance records, she states that she does not "have any unemployment insurance at all for the years relating to this claim". Plaintiff's Response [30], p. 1 of 3 (CM/ECF). However, as Independent Health argues, it is entitled to "any information in the New York State Department of Labor's unemployment system concerning Plaintiff, including any denied applications for unemployment insurance benefits during the relevant period." DeLuca Reply Declaration [32], ¶15(i). In any event, even if plaintiff's representation that she did not receive unemployment benefits was sufficiently responsive to the request, this is merely another discovery mechanism available to Independent Health to test that representation. Therefore, I also grant this portion of Independent Health's motion.

However, I reach a different conclusion concerning Independent Health's motion for production of an authorization for plaintiff's tax returns since January 1, 2015. Unlike the other portions of Independent Health's motion, the request for an authorization for plaintiff's tax returns was not made in a formal written discovery request. *See* DeLuca Affidavit [28-1], ¶45. Since "the Federal Rules of Civil Procedure make no provision for oral discovery demands", this portion of the motion is denied. Stewartson v. Almstead, 2007 WL 3124838, *1 (N.D.N.Y. 2007); Vigliotti v. Selsky, 2013 WL 3354423, *3 (W.D.N.Y. 2013) (McCarthy, J.) ("[w]hile it appears that plaintiff may have requested many documents informally, such requests are not enforceable absent a formal demand"); Wakefield v. City of Pembroke Pines, 2006 WL 8431629, *1 (S.D. Fla. 2006) ("[i]nformal requests for production lie outside the boundaries of the discovery rules"). However, if Independent Health makes a formal written request for plaintiff to execute an authorization for her tax records, I expect plaintiff to carefully consider whether she has a valid basis for opposing that request before responding.

###     c.      Request No. 25[5]

This request sought "[a]ny and all documents directly or indirectly relating to any income received by Plaintiff since January 1, 2015 including checks, payroll stubs, W-2 statements, 1099 statements, or other financial documents concerning the amount of compensation Plaintiff received since January 1, 2015".  [28-2], p. 14 of 20 (CM/ECF). In response, plaintiff objected on the grounds that it was "burdensome, oppressive and overbroad" ([28-3], p. 5 of 26 (CM/ECF)), but later produced two pages of a redacted 2017 tax return (omitting the name of the employer or income source).

In opposition to Independent Health's motion to compel, plaintiff states that she does not "have any tax information for years 2015 and 2016 because [she] did not file taxes for those years".  Plaintiff's Response [30], p. 1 of 3 (CM/ECF).  However, the fact that she did not file tax returns for those years does not eliminate the possibility that she may have received income in those years, and be in possession of responsive documents.

Moreover, plaintiff fails to offer any explanation as to why Independent Health would not be entitled to a complete and unredacted copy of her 2017 tax return.  Therefore, I grant this portion of Independent Health's motion, and plaintiff shall use reasonable efforts to locate any responsive documents in her possession, custody or control (including electronically stored records) and produce them to Independent Health with a supplemental response.

---

[5]      In Independent Health's reply, it appears to erroneously refer to this as request no. 24 (*see* DeLuca Reply Declaration [32], ¶15(b)) - a request that was not the subject of its motion to compel.

3.       **First Set of Interrogatories**

Independent Health seeks to compel responses to interrogatory request nos. 8-10, 12-16, 18 and 24. DeLuca Affidavit [28-1], ¶¶75-84.

a.       **Request Nos. 8, 10, 12-16.**

As Independent Health notes, plaintiff's opposition does not respond its motion to compel responses to interrogatory request nos. 8, 10, 12-16.  DeLuca Reply Declaration [32], ¶17. While plaintiff's responses are not entirely deficient and it appears that she has been attempting to produce at least some of the requested information, in the absence of any opposition from plaintiff, I conclude that Independent Health has established its entitlement to more complete responses. Therefore, this portion of Independent Health's motion is granted, and plaintiff shall provide complete written responses to these requests.

b.       **Request no. 9**

The Complaint alleges that Pavitran Permundia, a male foreign national, was hired by Independent Health as a Solution Architect.  Complaint [1], ¶17.  Request no. 9 sought "when Pavitran Permundia was hired for the position of Solution Architect by Defendant . . . and any information you have about Mr. Permundia's employment by Independent Health (including the identity of his supervisor, his education, experience and qualifications for the position of Solution Architect, whether he ever worked in any other position for Independent Health, whether he was promoted to the position of Solution Architect, his rate of pay, his national origin and/or immigration status, and other similar information), as well as the source of said information". [28-5], p. 11 of 28 (CM/ECF).

In response, plaintiff stated that "Pavitran Permundia was hired . . . as ETL developer and then promoted to solution architect. Plaintiff is unaware of his supervisor and his qualifications.  His immigration status is most likely green card and rate of pay is 90-99,000." [28-6] p. 34 of 78 (CM/ECF).  Plaintiff also notes that, as indicated in response to interrogatory request no. 25, the source of her information was various websites, including the Department of Labor and Google, and states that she produced information regarding Pavitran Permunida to Independent Health in December 2018.  Plaintiff's Response [30], p. 1 of 3 (CM/ECF).  Plaintiff alleges that she provided "all what I had".  <u>Id</u>.

      "An answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial . . . . Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive . . . . In order for an answer to be adequate it must be a complete response to the interrogatory, specific as possible and not evasive . . . . This does not necessarily mean, however, that the responding party needs to provide all evidentiary proof or every shred of evidence, but it must be particular as to relevant facts of the case." <u>Trueman v. New York State Canal Corp.</u>, 2010 WL 681341, *2-3 (N.D.N.Y. 2010).

      While it appears that plaintiff has been attempting to respond to this contention Interrogatory in good faith, under the standard set forth above, Independent Health remains entitled to a single comprehensive response, encompassing the information produced in December 2018 concerning Mr. Permunida. Therefore, this portion of the motion is granted.  If there are aspects of the interrogatory request that plaintiff is unable to answer because of a lack

of discovery, she should so state, and may later supplement her interrogatory response accordingly.  Id., *3.


### c.       Request No. 18

This request sought "all factual information upon which you base your allegation that the positions of Senior Application Developer and Solution Architect were 'given to H1B [*sic*] visa holder[s] or green card [holders]' and that Plaintiff 'maintains the same professional/technical skills' as the individuals placed in these positions, as alleged in Paragraph 28 of the Complaint." [28-5], p. 13 of 28 (CM/ECF).  In response, plaintiff stated that she "realized that positions of solution architect and snr application developer were specifically for many foreign-born aliens. The job description stated a bachelor's degree and years of work experience which Plaintiff has accomplished." [28-6], p. 45 of 78 (CM/ECF).

In response to Independent Health's motion, plaintiff further points to learning from websites that Independent Health has hired over 40 individuals with H1B visa holders in its technology department over the last three years. Plaintiff's response [30], p. 1 of 3 (CM/ECF). She further states that in December 2018 she provided it with a "packe[t] of trainings and certificates regarding my knowledge [of] the positions I had applied and the veracity of my knowledge for the positions I applied". Plaintiff's response [30], p. 1 of 3 (CM/ECF).   It is not clear what was included among the materials plaintiff produced, nor does that production obviate the need to provide a complete written response to this interrogatory request.  *See* Pouliot v. Paul Arpin Van Lines, Inc., 2004 WL 1368869, *2 (D. Conn. 2004) ("[d]ocuments . . . are often subject to interpretation and they do not serve the same purposes as interrogatories. Only a full response to the interrogatories comports with the requirements of the Federal Rules").

Again, plaintiff appears to be attempting in good faith to provide the information Independent Health seeks. However, Independent Health remains entitled to a complete response consistent with the standard set forth above, *see* Trueman, 2010 WL 681341, *2–3. Since plaintiff's initial response fell short of meeting that standard, this portion of Independent Health's motion is granted.

### d.      Request No. 24.

This request stated, "[d]escribe any and all efforts made by you to obtain employment of any kind since the conclusion of your employment by Catholic Health System (in approximately October 2015), and identify . . . each person with personal knowledge of the facts relating to any efforts made by you to obtain employment since October 2015". [28-5], ¶24. Plaintiff responded that she "has tried to gain employment from a few local Buffalo employers such as XXII century and Roswell Park. There is no one with personal knowledge of facts relating to my job searches". [28-6], p. 56 of 78 (CM/ECF). In response to Independent Health's motion, plaintiff further states, "I do not have any accounts regarding the job sites like Monster, and I have not used the NYS website either for jobs. I have provided the most recent job applications to Defendants for positions at Anthem". Plaintiff's Response [30], p. 2 of 3 (CM/ECF).

Independent Health is entitled to a complete list of her efforts at locating a job, not merely examples. *See* Remy Inc. v. Tecnomatic, S.P.A., 2013 WL 1331002, *2 (S.D. Ind. 2013) ("[t]he requirement is that Tecnomatic needs to be exhaustive, not just provide examples"). Therefore, this portion of Independent Health's motion is granted, and plaintiff shall

provide, to the best of her ability, a complete list of the jobs she applied for since the conclusion of her employment with the Catholic Health System in 2015.

### 4. Request for Attorney's Fees and Costs

Both in connection with its opposition to plaintiff's motion to compel and its own motion to compel, Independent Health seeks its attorney's fees and costs. *See* DeLuca Affidavit [31], ¶¶67-74; Notice of Motion [28], p. 2 of 3, ¶c. Plaintiff does not respond to either request.

Rule 37(a)(5)(B) states that if a motion to compel is denied, "the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees", unless the court concludes that the "motion was substantially justified or other circumstances make an award of expenses unjust". Likewise, Rule 37(a)(5)(c) provides that if a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

"[O]ne purpose of presumptive expense shifting sanctions is to press counsel and parties to understand that it is their responsibility to operate the systems for sharing and generating evidence before trial without substantial intervention by the judiciary." 7 Moore's Federal Practice, §37.23[1]. "The fact that a party is proceeding *pro se* and/or in forma pauperis does not insulate her from such a sanction." Black v. Reynolds, 2015 WL 13545490, *1 (S.D. Ala. 2015); White v. Golden Corral of Hampton, LLC, 2013 WL 12143951, *1 (E.D. Va. Dec. 20, 2013) ("*[p]ro sé* parties are not immune from sanction solely as a result of their pro sé status"). Although plaintiff is acting *pro se*, she is obligated to "become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure".

L. R. Civ. P. 5.2(i).  "Rule 37 sanctions, including the most severe, may be imposed against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in a sanction." <u>Robertson v. Dowbenko</u>, 443 Fed. App'x 659, 660 (2d Cir. 2011) (Summary Order).

        Plaintiff has not offered, nor do I see, a legitimate excuse for her failure to fully respond to some of Independent Health's requests, even giving her the benefit of the doubt as a *pro se* litigant, especially those portions of Independent Health's motion to which she did *not* respond.  Having warned the parties at the April 4, 2019 proceeding that I would consider an award of expenses if a motion to compel was filed, I would have at least expected some opposition from plaintiff to those portions of the motion.  Under these circumstances, I conclude that an award of some portion of Independent Health's attorney's fees and costs is justified.

        At the conclusion of all proceedings in the case I will, on application from Independent Health, consider the amount of attorney's fees that should be awarded. *See* <u>Williams v. Swack</u>, 2016 WL 4626575, *2 (W.D.N.Y. 2016) (McCarthy, J.); <u>Green v. St. Vincent's Medical Center</u>, 252 F.R.D. 125, 130 (D. Conn. 2008) (granting motion to compel, but deferring consideration of attorney's fees until the conclusion of the case).

## CONCLUSION

        For these reasons: (1) plaintiff's motion to compel [27] and Independent Health's corresponding request for attorney's fees and expenses incurred in connection with responding to that motion (DeLuca Affidavit [31], ¶¶67-74) are denied; and (2) Independent Health's motion to compel [28] is denied to the extent that it seeks to compel responses to request nos. 6 and 7 of its First Request for Production of Documents (except that plaintiff shall confirm in writing that she

is not in possession of any responsive documents) and an authorization for plaintiff's tax returns, but is otherwise granted, including its request for its attorney's fees and expenses, the amount of which will be determined at the conclusion of the case upon application by Independent Health. Unless a stay is obtained from District Judge Geraci, plaintiff shall serve complete responses to those portions of Independent Health's motion I have granted by September 23, 2019.

**SO ORDERED**.

Dated:   August 22, 2019

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge